IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM JONES,

                                                                      OPINION AND ORDER

                      Plaintiff,

                                                                         22-cv-168-bbc

    v.

MIKE DONOVAN,
WILLIAM POLLARD and
SANDRA JUNO,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On May 27, 2022, this court granted plaintiff William Jones leave to proceed on his claim that the warden and chaplain at the Green Bay Correctional Institution ("GBCI") and the Clerk of Brown County, Sandra Juno, interfered with his constitutional right to marry while he was an inmate at GBCI. Dkt. #  Now before the court is defendant Juno's motion to dismiss the case under Fed. R. Civ. P. 12(b)(3) for improper venue, or in the alternative, to transfer it to the Eastern District of Wisconsin under 28 U.S.C. § 1406(a), on the grounds that she resides in the Eastern District and the relevant events took place in the Eastern District. 28 U.S.C. § 1391(b) (venue is proper where defendants reside or where the events giving rise to the claim took place). Dkt. #17. (This motion was originally filed by all three defendants, but plaintiff subsequently reached an agreement with defendants to dismiss his claims against defendants Donovan and Pollard. Dkt. # 22.)

      Plaintiff does not dispute that all of the relevant events occurred while he was in custody at the Green Bay Correctional Institution, which is located in the Eastern District,

1

nor does he present facts suggesting that defendant Juno resides in this district. However, he opposes transfer, arguing that this court has discretion to deny the motion under 28 U.S.C. § 1404(a). Contrary to plaintiff's understanding, however, § 1404(a) may be invoked only if venue is *proper* in the district where the case was filed, as it was in Brim v. Stevens, No. 18-CV-24-JDP, 2018 WL 2583094 (W.D. Wis. June 4, 2018), a case plaintiff cites in his brief. Id. at *3 ("The parties do not dispute that venue is proper in both the Western District and the Eastern District[.]"). Here, however, venue is *improper* in the Western District, meaning that § 1404(a) does not apply. 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3844, at 33 (3d ed. 2007 & Supp. 2013) ("[t]ransfer under Section 1404(a) is possible only if venue is proper in the original forum").

Instead, the court applies § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). I conclude that transfer, rather than dismissal, is in the interests of justice. Accordingly, I will grant defendant's motion and will transfer this case to the Eastern District of Wisconsin.

ORDER

IT IS ORDERED that defendants' motion to dismiss or transfer this case to the Eastern District of Wisconsin, dkt. # 17, is GRANTED. This case is TRANSFERRED to the Eastern District of Wisconsin.

Entered this 22d day of August, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3